United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 12, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50702
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

HECTOR ZEUS SOTO-MEJIA

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CR-1051-3-PRM
--------------------

Before KING, Chief Judge, and JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Hector Zeus Soto-Mejia (Soto) appeals his conviction and

sentence for conspiracy to possess with intent to distribute

1,000 kilograms or more of marijuana (count one), possession with

intent to distribute a quantity of marijuana (count two), and

possession with intent to distribute 1,000 kilograms or more of

marijuana (count five).

Soto argues that the district court clearly erred in

reducing his offense level by two levels for his minor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

participation in the offenses, rather than by four levels for his minimal participation in the offenses. He contends that the factual basis of his plea indicated that his only participation in the vast drug enterprise was his loading of marijuana from a warehouse into a tractor-trailer on two occasions, that he had little knowledge or understanding of the scope and structure of the enterprise, and that others who were higher up in the conspiracy received sentences that were lower than or equal to his sentence.

The fact that Soto loaded and unloaded boxes of marijuana to and from tractor-trailers and a warehouse on three separate occasions, the fact that Soto accompanied a marijuana shipment after it was loaded on one of those occasions, and the fact that two tractor-trailers that were loaded at the warehouse, one of which Soto loaded, contained thousands of pounds of marijuana indicate that Soto in fact knew the scope and structure of the enterprise. See U.S.S.G. § 3B1.2, comment. (n.4); United States v. Becerra, 155 F.3d 740, 757 (5th Cir. 1998). Furthermore, the district court was not required to find, based solely on Soto's bare assertion that he did not know of the scope or structure of the enterprise, that such a role adjustment was warranted. See U.S.S.G. § 3B1.2, comment. (n.3(C)). Accordingly, the district court did not clearly err in determining that Soto was not entitled to a minimal-role downward adjustment.

Soto's conviction and sentence are AFFIRMED.  We REMAND to the district court for correction of the judgment pursuant to FED. R. CRIM. P. 36 to reflect that Soto was convicted under count two of possession with intent to distribute "a quantity" of marijuana, rather than possession with intent to distribute ">1000 kgs" of marijuana.